NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RASHAD PHILLIP SCOTT, | No. 18-56103 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-01175-WQH-AGS |
| v. | |
| W. L. MONTGOMERY, Acting Warden; XAVIER BECERRA, Attorney General, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

California state prisoner Rashad Phillip Scott appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253. We review the denial of a habeas petition de novo, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Scott was convicted of second-degree murder, attempted murder, and assault with a firearm under the theory that those crimes were the natural and probable consequences of a simple assault that he aided and abetted. Scott first contends there was insufficient evidence that he aided and abetted the simple assault. But there was testimony that Scott arrived at the scene with his co-defendants, was involved in an aggressive verbal altercation with one of the victims minutes prior to the assault, conversed with two members of his group before crossing the street and approaching the victim's group, stood next to and "backed up" a member of his group during the assault, and, after shots were fired, fled the scene with his co-defendants. The state court's conclusion that this evidence was sufficient to establish that Scott aided and abetted the simple assault and that the shootings were a natural and probable consequence of the assault was not contrary to, nor an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979). *See* 28 U.S.C. § 2254(d)(1).

Scott also contends that the trial court erred by admitting testimony by a gang expert concerning an ultimate issue. But there is no United States Supreme Court precedent "support[ing] the general proposition that the Constitution is violated by the admission of expert testimony concerning an ultimate issue to be resolved by the trier of fact." *Moses v. Payne*, 555 F.3d 742, 761 (9th Cir. 2009); *see also Briceno v. Scribner*, 555 F.3d 1069, 1078 (9th Cir. 2009) ("Our recent

2

decision in *Moses* . . . holds that there is no clearly established constitutional right to be free of an expert opinion on an ultimate issue."). "When there is no clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue." *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009). Accordingly, Scott is not entitled to relief under section 2254(d)(1).

**AFFIRMED.**